ORIGINAL

070885
FILED
APR 28 2010
U.S. COURT OF
FEDERAL CLAIMS

UNITED STATES DISTRICT COURT
COURT OF FEDERAL CLAIMS

KRISTIAN M. MCCAIN and KELLY
S. MCCAIN F/K/A KELLY S. MCKINNON,
                      Plaintiff,

Versus                             Civil Action No.

ARNE DUNCAN, UNITED STATES
SECRETARY OF EDUCATION, U.S.         **10-264 C**
DEPARTMENT OF EDUCATION and
THE UNITED STATES OF AMERICA
                      Defendant.

## COMPLAINT

NOW INTO COURT, through undersigned counsel, come KRISTIAN M. MCCAIN and KELLY S. MCCAIN F/K/A KELLY S. MCKINNON, Plaintiffs in the above entitled and captioned matter, who respectfully pray for Judgment of this Honorable Court against defendants, as set forth in the following complaint, as follows:

### PLAINTIFF

1.

Plaintiffs, KRISTIAN M. MCCAIN and KELLY S. MCCAIN F/K/A KELLY S. MCKINNON, are major domiciliaries of Shreveport, Caddo Parish, Louisiana.

### DEFENDANTS

2.

Made Defendants herein are:

[a]    ARNE DUNCAN, UNITED STATES SECRETARY OF EDUCATION, in his official capacity as Secretary of Education of the United States Government and an indispensable party to this action; and

[b] U.S. DEPARTMENT OF EDUCATION, a department of the executive branch of the United States Government and an indispensable party to this action; and

[c] THE UNITED STATES OF AMERICA, is the governing body of this country and an indispensable party to this action.

For purposes of this action and claims for relief, all defendants will be referred to herein collectively as "defendants."

## JURISDICTION OF THE COURT

3.

Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. 1331, 1346[a][2], 1491. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. 1367. The Tucker Act grants jurisdiction to the U.S. Court of Federal Claims over, inter alia, "any claim against the United States founded ... upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). Jurisdiction under the Tucker Act is limited to claims for monetary relief, Richardson v. Morris, 409 U.S. 464, 465, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973) (per curiam), with the following narrow exception: To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing .... correction of applicable records, and such orders may be issued to any appropriate official of the United States.

## FACTUAL BASIS AND CLAIMS FOR RELIEF

4.

Plaintiff KELLY S. MCCAIN F/K/A KELLY S. MCKINNON had a student loan prior to

her marriage with co-plaintiff.

5.

Defendants sought collection of the delinquent student loan from plaintiffs.

6.

On or about September 1, 2009, Plaintiffs completed paperwork ["Request to Negotiate a Compromise Settlement of Your Debt"] required to submit the student loan account for settlement for less than the full sum due.

7.

Based on plaintiffs' submission of paperwork for approval of a settlement of the subject student loan, defendants responded with approval of the proposed compromise and defendants penned a letter to plaintiff KELLY S. MCCAIN F/K/A KELLY S. MCKINNON.

8.

On December 10, 2009, defendants wrote plaintiff KELLY S. MCCAIN F/K/A KELLY S. MCKINNON and indicated that "THIS NOTICE CONFIRMS OUR OFFER TO ACCEPT $1,980.00 AS FULL SETTLEMENT AND SATISFACTION OF YOUR OBLIGATION ON THIS DEBT ...".

9.

Based on the clear, written terms of the offer, Plaintiffs immediately [on December 17, 2009] drafted monies from their joint bank account and had a cashier's check made payable to the US Dep of Education prepared by Barksdale Federal Credit Union..

10.

Plaintiffs' acceptance communication along with the check were transmitted via US Mails, Certified Mail Return Receipt, to defendants as stated in the offer.

11.

Defendants received the check and acceptance of the offer and signed for receipt of the mail on December 21, 2009.

12.

Despite receipt, defendants sent a bill to plaintiffs, demanding $11,978.80.

13.

Plaintiff immediately called defendants to inquire and plaintiff was advised by a representative and employee of defendants that defendants had made a "mistake" and now wanted to renege.

14.

Defendants had cashed the plaintiffs' check and taken in her monies, as reflected on later billing statements which defendants persisted in sending and demanding payment of $11,978.80 and more.

14.

On January 14, 2010, plaintiffs wrote defendants to reiterate that the account was settled and that defendants should cease collection activities and plaintiffs sent documentary proofs to defendants as to the settlement.

15.

Defendants continued ro send billing statements to plaintiffs and plaintiffs advised defendants that the account was properly settled on terms set forth in defendants' offer to plaintiff.

16.

On March 22, 2010, a representative and employee of defendants wrote plaintiff and

acknowledged plaintiffs' position but claimed that defendants' offer "was sent in error" and referred to the settlement compromise as "confusion."

17.

On March 22, 2010, a representative and employee of defendants wrote plaintiff and acknowledged that defendants received the "paid in full" settlement payment check in the sum of $1,980.00.

18.

On March 22, 2010, a representative and employee of defendants wrote plaintiff and stated that the payment "was no benefit to the Department..."

19.

On March 22, 2010, a representative and employee of defendants wrote plaintiff and admitted that plaintiffs' check was conditionally endorsed.

20.

On March 22, 2010, a representative and employee of defendants wrote plaintiff and demanded that plaintiffs pay $10,004.23

21.

Since January, 2010, defendants have made false credit reportings about plaintiff.

22.

Since January, 2010, defendants have illegally engaged a debt collection company to make false credit reportings as well and to harass plaintiffs.

23.

Since January, 2010, defendants have impermissibly and illegally seized plaintiffs' tax return refund which was less than $10,000, for the last tax year.

24.

Since January, 2010, defendants have continued to claim plaintiffs owe monies which are the subject of the settled and only account either plaintiff ever had with defendants.

25.

Plaintiffs show that the subject account is settled and La. CC art. 2036 governs the compromise and settlement.

26.

Plaintiffs seek declaratory relief including Judgment finding that the subject account is fully settled and that no monies are owed by plaintiffs to defendants.

27.

Plaintiffs seek injunctive relief including Judgment commanding defendants to retract and cease reporting false, negative information in the form of credit and collection reportings about plaintiff[s] which suggest that plaintiff[s] have any balance owed to defendants.

28.

Plaintiffs seek injunctive relief including Judgment commanding defendants to retract and cease all collection activities against plaintiffs including seizures, credit reportings, and contacts, including those which suggest that plaintiff[s] have any balance owed to defendants.

29.

Plaintiffs seek declaratory relief finding that defendants improperly seized plaintiffs' tax refund and ordering return of those monies to plaintiffs.

30.

Plaintiffs seek injunctive relief including Judgment ordering defendants to return to plaintiffs the improperly seized tax refund monies owed to plaintiffs.

31.

Plaintiffs have likewise sustained damages as a result of the breach of contract by defendants.

32.

Defendants are liable unto plaintiff for all actual, statutory, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, adverse action, costs and time of repairing their credit, pain and suffering, aggravation, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, personal and mental injuries, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PLAINTIFFS, KRISTIAN M. MCCAIN and KELLY S. MCCAIN F/K/A KELLY S. MCKINNON, PRAY that after all due proceedings be had there be judgment herein in favor of Plaintiffs and against Defendants, jointly, severally and in solido, for all reasonable damages sustained by Plaintiffs including but not limited to actual damages, compensatory damages, out-of-pocket expenses, adverse action, costs and time of repairing her credit, pain and suffering, aggravation, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, personal and mental injuries, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and that there be judgment for declaratory and injunctive relief as requested herein above.

FURTHER, Prays for all such additional, general and equitable relief as may be necessary and proper in the premises.

Respectfully submitted,

**Bodenheimer, Jones & Szwak, LLC**

By: _____
**David A. Szwak, La.BR #21157, TA**
416 Travis Street, Ste. 1404
Mid South Tower
Shreveport, Louisiana 71101
(318) 424-1400
FAX 221-6555
**Counsel for Plaintiffs**